

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| TYRONE JOHNSON,<br>          Plaintiff,<br><br>vs.<br><br>DAVID P. WHITE, *Probation Officer*,<br>          Defendant. | §<br>§<br>§<br>§<br>§   Civil Action No. 5:24-3967-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE, WITHOUT LEAVE
TO AMEND, AND WITHOUT ISSUANCE AND SERVICE OF PROCESS,
AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff Tyrone Johnson (Johnson), who is representing himself, filed this action against Defendant David P. White, alleging claims under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice and without leave to amend. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 31, 2024. To date, Johnson has failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Further, the Court will deny Johnson's motion to appoint counsel, as he has failed to demonstrate exceptional circumstances exist warranting the appointment of counsel. *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (unpublished table decision).

In considering an indigent defendant's motion to appoint counsel, the Court "must conduct a fact specific, two-part inquiry" assessing "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodward*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984)). The case presents exceptional circumstances warranting the appointment of counsel only when "both questions are answered affirmatively[.]" *Id.* (citing *Whisenant*, 739 F.2d at 162).

As the Magistrate Judge explained, the events underlying Johnson's claim occurred over twelve years ago, well beyond the applicable statute of limitations. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989) ("Because '§ 1983 claims are best characterized as personal injury actions,' . . . a State's personal injury statute of limitations should be applied to all § 1983 claims.'" (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985))); S.C. Code Ann. § 15-3-530(5) (establishing a three-year limitations period for personal injury actions "not arising on contract and not enumerated by law").

2

Accordingly, Johnson lacks a colorable claim.  *Jenkins*, 109 F.4th at 247.  The Court will therefore deny his motion to appoint counsel.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE**, without leave to amend, and without issuance and service of process.  Finally, Johnson's motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED**.

Signed this 9th day of September 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.