

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| TYRONE JOHNSON,<br>    Plaintiff,<br><br>vs.<br><br>DAVID P. WHITE, *Probation Officer*,<br>    Defendant. | §<br>§<br>§<br>§   Civil Action No. 5:24-3967-MGL<br>§<br>§<br>§ |

**ORDER CONSTRUING PLAINTIFF'S NOTICE OF APPEAL
AS A MOTION TO ALTER OR AMEND,
GRANTING THE MOTION TO ALTER OR AMEND,
ADOPTING THE REPORT AND RECOMMENDATION,
SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE,
AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

## I. INTRODUCTION

Plaintiff Tyrone Johnson (Johnson), who represents himself, filed this civil action against Defendant David P. White (White). Johnson asserts White, a federal probation officer, violated his constitutional rights under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## II. FACTUAL AND PROCEDURAL HISTORY

Here is a timeline of the relevant dates in this matter:

**December 11, 2011:**   White purportedly violated Johnson's constitutional rights by conducting a warrantless search of his bedroom.

**July 15, 2024:**   White filed this lawsuit.

| | |
|---|---|
| **July 31, 2024:** | The United States Magistrate Judge filed a Report and Recommendation (Report) recommending the Court summarily dismiss this case without prejudice and without leave to amend. |
| **August 18, 2024:** | With the three mailing days granted under Federal Rule of Civil Procedure 6(d), Johnson's objections to the Report were due. |
| **September 9, 2024, at 1:39 p.m.:** | Noting Johnson had failed to file any objections to the Report, the Court adopted the Report and dismissed the case. |
| **September 9, 2024, at 2:06 p.m.:** | The Court entered its judgment in favor of Defendants. |
| **September 9, 2024, at 2:35 p.m.:** | The Court docketed Johnson's objections to the Report. |
| **October 7, 2024:** | The Court docketed Johnson's motion to appoint counsel, as well as what he termed as a notice of appeal. |

### III.    CONSTRUED MOTION TO RECONSIDER

#### A.    *Standard of Review*

The Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than pleadings drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a [filing] and recharacterize [it] . . . to place it within a different legal category . . . . [so as] to create a better correspondence between the substance of [the] pro se [submission] and its underlying legal basis[.]"  *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (emphasis omitted).  *See, e.g.*, *Hester v. N.C. Att'y Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a notice of appeal as objections to the Magistrate Judge's report and recommendation where the petitioner filed the notice during the time period for filing objections).

2

**B.      Discussion and Analysis**

In Johnson's October 7, 2024 submission, he challenges the Court's September 9, 2024 judgment. Johnson argues, among other things, the Court erred in dismissing this case inasmuch as he responded to the Report the same day he received it. Following the mandate to construe pro se pleadings liberally, and in the interest of judicial economy, the Court will view the document as a motion asking the Court to reconsider its September 9, 2024 judgment, rather than a notice of appeal. As such, the Court must determine whether to construe the motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b).

"A motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the Court noted above, the Clerk docketed what Johnson called his notice of appeal on October 7, 2024, twenty-eight days after the Court entered its September 9, 2024 judgment. The Court will thus construe Johnson's October 1, 2024 submission as a motion to alter or amend the judgment under Rule 59(e).

As the Court stated above, Johnson asserts he responded to the Report when he received it on August 6, 2024. Indeed, in the certificate of service attached to Johnson's objections, he attests they were mailed August 6, 2024. The Court's experience with the prison mail system causes the Court to find the evidence credible. Accordingly, the Court determines altering or amending the judgment is needed to prevent manifest injustice. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (explaining the Court may alter or amend a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice").

3

For all these reasons, the Court will grant Johnson's construed motion to alter or amend and vacate the judgment dated September 9, 2024.

## IV.     THE REPORT

This matter is also before the Court for review of the Magistrate Judge's Report suggesting the Court summarily dismiss this case without prejudice and without leave to amend. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

### A.     *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B.     *Discussion and Analysis*

The Magistrate Judge concludes Johnson's claims are barred by the statute of limitations. But, Johnson challenges this conclusion. He asserts *Bivens* "does not have a statute of limitations and should be treated justly." Johnson's Objections at 2.

As the Magistrate Judge explained, *Bivens* claims are ungoverned by an express statute of limitations, so the Court must assess their timeliness by borrowing the applicable state's personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (holding the state's

4

personal injury statute of limitations applies to 42 U.S.C. § 1983 claims); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (applying this principle to *Bivens* claims).

In South Carolina, a three-year statute of limitations applies to personal injury actions. *See* S.C. Code Ann. § 15-3-530(5) (establishing a three-year limitations period for personal injury actions "not arising on contract and not enumerated by law"). The events underlying Johnson's claims, however, occurred more than twelve years before he filed this lawsuit. Hence, the claims are time-barred, and the Court will overrule his objection.

Because Johnson lacks a colorable claim, the Court will also deny his motion to appoint counsel. *See Jenkins v. Woodward*, 109 F.4th 242, 247 (4th Cir. 2024) (explaining the Court "must conduct a fact specific, two-part inquiry" in considering an indigent defendant's motion to appoint counsel, assessing "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it'" (quoting *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984))).

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, Johnson's construed motion to alter or amend is **GRANTED**, and the Court's September 9, 2024 judgment is **VACATED**.

After a thorough review of the Report and the record in this case under the standards set forth above, the Court also overrules Johnson's objection, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE** and without leave to amend, and Johnson's motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Johnson is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.